United States District Court
Southern District of Texas
**ENTERED**
June 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FCCI Insurance Company, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| Marine Tech Services, LLC, Jerrod Monaghan and Bethany Schmidt, | § § § § | Cause No. 4:22-cv-03811 |
| *Defendants,* | § § § | |
| and | § § § | |
| Wells Fargo Bank, N.A. and bank of American, National Association, | § § § § | |
| *Garnishees.* | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court are separate motions to dismiss and to strike, filed by Defendants Jerrod Monaghan and Bethany Schmidt, Dkt. 18, and Defendant Marine Tech Services, LLC ("MTS") (collectively with Monaghan and Schmidt, "Defendants"), Dkt. 21. The motions were referred to the undersigned judge. Dkt. 32. After reviewing the motions, the responses filed by Plaintiff FCCI Insurance Company ("FCCI"), Dkt. 22, 23, the record, and the governing law, it is recommended that Defendants' motions be denied.

## Background

This is a garnishment action to enforce a final judgment entered by this Court against Monaghan, Schmidt, and MTS in *FCCI Insurance Company v. Marine Tech Services, LLC, et al.*, No. 4:20-cv-2716, Dkt. 55 (S.D. Tex. Aug. 3, 2021). The final judgment held Defendants jointly and severally liable for $1,154,475.45 in damages, pre-judgment interest, and post-judgment interest (which continues to accrue). Dkt. 1-1. Schmidt and Monaghan are spouses, Dkt. 21-3 (Declaration of B. Schmidt), and Monaghan is the president and sole manager of MTS, Dkt. 1 at 2; Dkt. 21-6 ¶¶ 1-2 (Defendants' answer in the underlying lawsuit).

FCCI filed its application for a writ of garnishment on November 1, 2022, which commenced this action. Dkt. 1. Based on an affidavit from its director, FCCI named Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, National Association ("Bank of America") as garnishees who were indebted to Defendants. Dkt. 1, 1-2.

On November 8, 2022, FCCI filed a motion for issuance of writ of garnishment based on the same final judgment and affidavit. Dkt. 9. On November 18, 2022, the Court granted the motion ex parte and ordered Wells Fargo and Bank of America to remit up to $1,154,475.45 to FCCI from any accounts held by the Defendants. Dkt. 11. On November 21, the Clerk of Court issued the writs of garnishment to each of Defendants. Dkt. 11-1.

On December 1, both garnishees were served with FCCI's summons, Application for Writ of Garnishment (Dkt. 1), FCCI's Motion for Issuance of Writ of Garnishment (Dkt. 9), the Court's Order on Motion for Issuance of Writs of Garnishment (Dkt. 11), and the writs of garnishment to each Defendant (Dkt. 11-1), among other records on the docket. Dkts. 12, 13 (returns of service on Wells Fargo and Bank of America). Bank of America was dismissed as a garnishee by agreement of the parties, Dkts. 15, 16, but Wells Fargo answered, acknowledging the December 1 service date. Dkt. 14.

On December 5, Schmidt and Monaghan were served with the same documents, four days after those documents were served on the garnishees. Dkts. 17, 20. While Schmidt was personally served, Monaghan was served via substitute service through Schmidt, who is his co-resident and wife. *Id.* FCCI attempted to serve MTS on the same day, but MTS's registered agent for service (Monaghan) could not be located. Dkt. 23-1. FCCI's process server attempted service on MTS five more times within the next eight days, but Monaghan could not be located at MTS's address. *Id.* On December 28, 2023, Monaghan was ultimately located in Florida—and MTS was served with the same papers. *Id.*; Dkt. 19.

In the interim, Wells Fargo filed an answer, reporting that it maintained the following seven accounts for Defendants:

3

| Account Number | Amount | Account Owner |
|---|---|---|
| Xxx8440 | $3,822.33 | Schmidt |
| Xxx5241 | $3.55 | Schmidt and Monaghan |
| Xxx7210 | $20,038.13 | Schmidt and Monaghan |
| Xxx7565 | $5,903.46 | Schmidt and Monaghan |
| Xxx0373 | $3,514.69 | Schmidt and Monaghan |
| Xxx7656 | $103.73 | MTS |
| Xxx3984 | -$8.22 | MTS |

Dkt. 14 at 2.

On January 6, 2023, Schmidt and Monaghan moved to dismiss pursuant to Rule 12(b)(4) and 12(b)(5) and to strike pursuant to Rule 12(f). Dkt. 18. Their motions were combined with answers to FCCI's complaint. *Id.* They argued that FCCI's complaint should be dismissed or stricken because they were not properly served in accordance with Fed. R. Civ. P. 4 and Tex. R. Civ. P. 663a. *Id.* at 3-5, 8-10. On January 19, 2023, MTS filed a separate answer and motion to dismiss and to strike, raising substantially identical arguments and authorities as those briefed by Schmidt and Monaghan. *See* Dkt. 21.

## Analysis

**I.     Legal standard: service of process**

Federal Rule of Civil Procedure 12(b)(4) "allows a defendant to attack the form of the process, rather than the method by which it is served." *Intermoor Inc v. Wilson*, 2016 WL 1107083, at *3 (S.D. Tex. Mar. 22, 2016); *see* Fed. R. Civ. P. 12(b)(4). Issues of form include, for example, when the party to be served is identified by the wrong name. *Intermoor Inc.*, 2016 WL 1107083 at *3. "Rule 12(b)(5), in contrast, 'permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint.'" *Id.* (quoting *Neely v. Khurana*, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)).

"When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). The court lacks jurisdiction over a defendant, and dismissal is appropriate, unless the defendant was properly served with process in accordance with Rule 4. *See generally id.*; *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

## II. Defendants failed to identify procedural defects with FCCI's service of process.

Defendants claim that this proceeding should be dismissed because FCCI "failed to take any actions to notify Defendants of the existence of this suit, or Plaintiff's Motion for Issuance of Writs of Garnishment, or the November 18, 2022 ex parte signed Order on the same, or the Writ of Garnishment itself." Dkt. 18 at 3; Dkt. 21 at 3. Referencing case law applying the Texas Rules of Civil Procedure, Schmidt and Monaghan complain that FCCI's efforts never effectuated proper service. Dkt. 18 at 3-5; Dkt. 21 at 3-5. They fail, however, to identify any specific deficiencies in FCCI's compliance with the applicable rules. Instead, Defendants appear to argue that the Court's November 18, 2023 Order issuing the writs of garnishment was improper, because they were not served in accordance with Tex. R. Civ. P. 663a before this action commenced or before the writs of garnishment were issued. This argument is meritless, and Defendants' motions should be denied.

### A. FCCI did not act improperly when it initiated this garnishment proceeding as a new action.

Defendants insinuate that FCCI brought this garnishment action to circumvent the rules and execute a legal ambush. For example, Defendants complain that "Plaintiff and Defendants have been litigating this matter since 2017," yet "Plaintiff gave no notice to Defendants or their undersigned counsel of its actions before serving Monaghan and Schmidt." Dkt. 18 at 2; Dkt. 21 at

6

2. They further wrote, "Plaintiff has known since 2017 that Defendants are represented by the undersigned counsel and apparently chose to not give them notice of these instant proceedings," Dkt. 18 at 5; Dkt. 21 at 5, and "Plaintiff's decision to not seek a writ in the original proceeding and[,] instead, file a new lawsuit, (sic) was designed to avoid putting Defendants and their counsel on notice." Dkt. 18 at 9; Dkt. 21 at 9. None of these assertions advance Defendants' position that FCCI violated any Texas or federal rule by proceeding with this garnishment action.

"As a preliminary matter, Fed. R. Civ. P. 64 and 69 provide that the law, both substantive and procedural, of the state where the federal court sits governs writs of garnishment unless a federal statute provides otherwise." *Licea v. Curacao Drydock Co., Inc.*, 952 F.3d 207, 212 (5th Cir. 2015); *see* Fed. R. Civ. P. 64 & 69. Therefore, Texas law applies here, as the parties have not identified any federal statute that requires otherwise. Instead, both sides have invoked the Texas Rules of Civil Procedure and Texas case law.

"Garnishment actions in Texas are 'purely statutory'" and provide for relief pursuant to Texas Civil Practice & Remedies Code § 63.001. *JGM Holdings, L.L.C. v. T-Mobile USA, Inc.*, 568 F. App'x 316, 319 (5th Cir. 2014) (quoting *Af-Cap, Inc. v. Repub. of Congo,* 462 F.3d 417, 423 (5th Cir. 2006)). Even though they are "ancillary to the underlying suit," they constitute "a separate proceeding." *Varner v. Koons,* 888 S.W.2d 511, 513 (Tex. App.—El

Paso 1994, no writ). Given that garnishment actions may stand apart from the underlying lawsuit, FCCI did not violate any rule or otherwise commit wrongdoing simply by filing this new action.

> **B.** **FCCI timely served Defendants under Texas Rule of Civil Procedure 663a.**

Defendants also argue they were not properly served, as "Plaintiff failed to take *any* actions" to comply with Texas Rule of Civil Procedure 663a. Dkt. 18 at 3; Dkt. 21 at 3. The record disproves this accusation.

"The propriety of the service of a writ of garnishment *on a defendant* is governed by Texas Rule of Civil Procedure 663a. The rule is titled: 'Service of Writ and Other Documents on Defendant.'" *Caballero v. Fuerzas Armadas Revolucionarias De Colombia*, 2023 WL 125240, at *14 (S.D. Tex. Jan. 6, 2023). Rule 663a requires that defendants "be served as provided in Rule 21a or Rule 501.4, as applicable, with a copy of the writ of garnishment, the application, accompanying affidavits, and orders of the court *as soon as practicable after service of the writ on the garnishee.*" Tex. R. Civ. P. 663a (emphasis added).

As its plain language reflects, Rule 663a required FCCI to serve Defendants *after* serving the writ on the garnishees: Wells Fargo and Bank of America. That is what happened. The garnishees were served on December 1, 2022. Dkts. 12, 13. Then, Schmidt and Monaghan were served on December 5, and MTS was served on December 28. Dkts. 17, 19, 20. Although there was

8

a 27-day gap between the dates when the garnishees and MTS were served, FCCI submitted evidence explaining the efforts undertaken by its process servers to effectuate service "as soon as practicable." Dkt. 23-1 (affidavit explaining the six attempts at service at MTS's Texas address); *cf. Caballero*, 2023 WL 125240, at *15 (noting the pattern that, in other cases, unexplained delays of fifteen days or longer have been deemed excessive). The returns of service identified the documents served on Defendants which (contrary to Defendants' claims) included the requisite summons, application for writ and complaint, motion for the issuance of writs of garnishment, the Court's order, and the writs of garnishment themselves.[1] Dkts. 17, 19, 20.

The Court also properly granted FCCI's motion for the issuance of writs before Defendants were served. Texas Rule of Civil Procedure 658 contemplates not only that a court can issue a writ ex parte, but that it may, in certain circumstances, be issued *before* there is a final judgment to enforce: "No writ shall issue before final judgment except upon written order of the court after a hearing, *which may be ex parte.*" Tex. R. Civ. P. 658 (emphasis

---

[1] Moreover, Texas Rule of Civil Procedure presupposes that the court will authorize the writ of garnishment before the defendants are served. *See* Tex. R. Civ. P. 663a (requiring that defendants be served with "a copy of the writ of garnishment ... and orders of the court"). Contrast that with Defendants' insinuation here that they were entitled to participate in all garnishment proceedings *ab initio*, which would require FCCI to have served them with the writ and the Court's order authorizing it *before* the Court could exercise jurisdiction over Defendants and issue any binding orders at all. This is nonsensical.

9

added); *JGM Holdings, L.L.C.*, 568 F. App'x at 319 (citing same). The order and timing of service were therefore proper. This Court should reject Defendants' arguments for dismissal under Fed. R. Civ. P. 12(b)(4) or 12(b)(5).

### C. Dissolution or amendment of the writ is the proper remedy, if any.

Finally, the parties dispute what impact the writ of garnishment has had on Defendants' property. Defendants argue that the seven accounts identified by Wells Fargo have been "drained." Dkt. 18 at 2; Dkt. 21 at 2; Dkt. 18-3 (B. Schmidt declaration). FCCI responds that the "funds were appropriately frozen by Wells Fargo" but were not removed from the accounts. Dkt. 23 at 5.

Although FCCI cannot retrieve the funds until the Court has rendered a judgment for FCCI, *see* Tex. R. Civ. P. 668, this dispute is not appropriately resolved on motions to dismiss that challenge the sufficiency or service of process. *See generally Af-Cap, Inc.*, 462 F.3d at 424. Defendants instead should avail themselves of the procedures in Tex. R. Civ. P. 664a, which permits a defendant to file motions to dissolve or modify the writ of garnishment if FCCI failed to comply with the rules or is not entitled to garnish the disputed assets. *See Nat'l Loan Investors, L.P. v. Fidelity Bank, NA*, 1995 WL 153421, at *2 & n.3 (5th Cir. Mar. 30, 1995) (per curiam) (noting that the Tex. R. Civ. P. 664a "require[s] the trial court to hold a hearing on a motion to either dissolve or modify a writ of garnishment"); *see also, e.g.*, *Zeecon Wireless*

*Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 818 (Tex. App.—Austin 2010, no pet.) (affirming dissolution of a writ when defendant demonstrated that plaintiff failed to comply with requirements prescribed in Tex. R. Civ. P. 663a). *But see, e.g.*, *Compass Bank v. Villarreal*, 2010 WL 11578479, at *2 (S.D. Tex. Nov. 1, 2010) (garnishor's failure to comply with service requirements did not automatically preclude it from garnishing defendant's accounts; directing Clerk of Court to rectify the issue by sending copies of missing documents to defendant). Whatever the merits of Defendants' contention, it provides no basis for dismissal pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5).

### III.  There are no grounds to strike FCCI's pleading.

Defendants' requests to strike FCCI's pleading under Rule 12(b)(f) are intertwined with their arguments under Rules 12(b)(4) and 12(b)(5). *See* Dkt. 18 at 8-9; Dkt. 21 at 8-9. Having rejected Defendants' challenges to the sufficiency and timing of service of process (and other inapposite contentions), *see supra* Part II, the Court finds no grounds for relief under Rule 12(f).

"Rule 12(f) provides that '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *DynaStudy, Inc. v. Hous. Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 772 (S.D. Tex. 2017) (quoting Fed. R. Civ. P. 12(f)). Relief under Rule 12(f) is considered "a drastic remedy to be resorted to only when required for the

purposes of justice," and therefore "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also Encore Bank, N.A. v. Bank of Am., N.A.*, 918 F. Supp. 2d 633, 642 (S.D. Tex. 2013) ("Motions to strike are usually viewed with disfavor and rarely granted since they seek a drastic remedy and are frequently sought merely to delay.").

Defendants identified no errors in FCCI's decision to initiate a new action, proceed ex parte when seeking the writs of garnishment, or perfecting service of process. They have therefore failed to identify any actions that were "redundant, immaterial, impertinent, or scandalous" to warrant a "drastic remedy" of striking FCCI's pleadings. Fed. R. Civ. P. 12(f). Accordingly, Defendants' motions should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendants Bethany Schmidt and Jerrod Monaghan's motion to dismiss and to strike (Dkt. 18) be **DENIED**, and that Defendant Marine Tech Services, LLC's motion to dismiss and to strike (Dkt. 21) also be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for**

**plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

    Signed on June 30, 2023 at Houston, Texas.

                                                               Yvonne Y. Ho
                                                          United States Magistrate Judge